CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 22 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| BRENDA C. NUTTER, | ) |
| | ) Civil Action No. 5:08CV00112 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Brenda C. Nutter, was born on January 19, 1963 and eventually reached the eleventh grade in school. Mrs. Nutter earned a GED in 1997. Plaintiff has worked as a turkey processor, apple packer, furniture assembler, and pipeline helper. She last worked on a regular and sustained basis in August of 2001. Mrs. Nutter first filed applications for disability insurance benefits and supplemental security income benefits on October 31, 2002. She filed a second

application for benefits on February 13, 2003. In an opinion which now stands as the final decision of the Commissioner in Mrs. Nutter's case, the Administrative Law Judge reopened plaintiff's prior application pursuant to the provisions of 20 C.F.R. §§ 404.987-989 and 416.1587-1589.[1] In applying for benefits, Mrs. Nutter alleged that she became disabled for all forms of substantial gainful employment on August 1, 2001, due to a severe right elbow impairment, arthritis in the right knee, torn cartilage, left foot and ankle problems, underactive thyroid, acid reflux, depression, and vertigo. Mrs. Nutter now maintains that she has remained disabled since the date of alleged disability onset. For purposes of her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the third quarter of 2002, but not thereafter. See gen. 42 U.S.C. § 423. Consequently, Mrs. Nutter is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before September 30, 2002. See gen. 42 U.S.C. § 423.

Mrs. Nutter's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 3, 2006, the Law Judge also determined that Mrs. Nutter was not disabled. Plaintiff then sought review by the Social Security Administration's Appeals Council. However, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mrs. Nutter then appealed to this court.

By order entered May 10, 2007, the court granted the Commissioner's motion to remand plaintiff's case to the Social Security Administration's Appeals Council for further administrative

---

[1] In recounting the background of plaintiff's case, the court has referenced the information submitted in connection with her earliest, pending application, that of October 31, 2002.

2

proceedings. Thereafter, the Appeals Council remanded the case to the same Administrative Law Judge for additional development of the medical record, and for further consideration of plaintiff's physical limitations and her residual functional capacity for alternate vocational endeavors.

The Administrative Law Judge conducted a supplemental administrative hearing on June 5, 2008. Dr. H. C. Alexander, III testified at the hearing as a medical advisor and Dr. Earl Glosser testified as a vocational expert. The Administrative Law Judge rendered a new opinion on July 25, 2008. The Law Judge found that Mrs. Nutter suffers from severe impairments on the basis of obesity, impairment of the right knee with a torn medial meniscus, an ankle impairment, and an impairment of the right elbow with persistent epicondylitis. Because of these impairments, and based on the testimony of the medical advisor, the Law Judge ruled that Mrs. Nutter became disabled for all forms of substantial gainful employment on January 1, 2003. Thus, the Law Judge determined that plaintiff had established a period of disability for purposes of her application for supplemental security income benefits. However, as to the period prior to January 1, 2003, the Law Judge found that plaintiff retained sufficient functional capacity for a limited range of sedentary exertion. The Law Judge assessed plaintiff's residual functional capacity as follows:

> Prior to January 1, 2003, the date the claimant became disabled, the claimant had a residual functional capacity less than that required to perform the full range of sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a). She could lift and carry 20 pounds occasionally and 10 pounds frequently. She could stand and/or walk 15 minutes at a time and 2 hours in an 8-hour workday. She could sit about 6 hours in an 8-hour workday. She could not climb ladders, ropes, or scaffolds. She could occasionally climb stairs and ramps. She could occasionally balance, kneel, stoop, crouch, and crawl. She was unable to work under exposure to workplace hazards, such as moving machine parts or unprotected heights.

(TR 591-92).

The Law Judge ruled that, as to the period prior to January 1, 2003, Mrs. Nutter was unable to perform her past relevant work roles. However, given the residual functional capacity for a limited range of sedentary exertion, and after considering plaintiff's age, education, and prior work experience, as well as testimony of the medical advisor and vocational expert, the Law Judge concluded that Mrs. Nutter retained sufficient functional capacity to perform several specific sedentary work roles at all relevant times prior to January 1, 2003. Accordingly, as to plaintiff's claim for a period of disability and disability insurance benefits, the Law Judge found that Mrs. Nutter was not disabled for all forms of substantial gainful employment at any time prior to the termination of her insured status on September 30, 2002. See 20 C.F.R. § 404.1520(g). The Law Judge also found that, prior to January 1, 2003, Mrs. Nutter was not disabled for purposes of her application for supplemental security income benefits, and that her period of disability under that benefit program did not begin until January 1, 2003. See 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having once again exhausted all available administrative remedies, Mrs. Nutter has filed a new case in this court, appealing the Commissioner's denial of her application for a period of disability and disability insurance benefits.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's

4

education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. This case turns on whether the evidence supports the Commissioner's establishment of June 1, 2003 as plaintiff's date of disability onset. As noted above, if plaintiff was not disabled on or before September 30, 2002, she cannot establish entitlement to disability insurance benefits. In attempting to determine exactly when Mrs. Nutter became disabled, the Administrative Law Judge relied on the testimony of Dr. Alexander, the medical advisor at the administrative hearing. Dr. Alexander testified that Mrs. Nutter experiences a listed impairment of the right knee.[2] (TR 821). Based on his review of the medical record, Dr. Alexander opined that plaintiff became disabled at some point in 2003. (TR 823). When asked if plaintiff's disability could have begun at an earlier time, Dr. Alexander specifically opined that the objective medical evidence does not support disability onset prior to 2003. (TR 829-30). As noted above, the Administrative Law Judge adopted Dr. Alexander's findings and opinions in establishing the date of plaintiff's disability onset.

The court believes that the Commissioner's adjudication of plaintiff's claim for disability insurance benefits was consistent with the requirements of the United States Court of Appeals for the Fourth Circuit, as set forth in Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995). In Bailey, the Fourth Circuit interpreted Social Security Ruling 83-20 so as to conclude that, if the evidence of onset is ambiguous, the Commissioner must procure the assistance of a medical advisor in order to properly

---

[2] If a claimant suffers from an impairment listed under Appendix I to Subpart P of the Administrative Regulations Part 404, the claimant must be found to be disabled pursuant to 20 C.F.R. § 404.1520(d), without reference to factors such as age, education, and prior work experience.

5

assess and determine the date of disability onset. Id. at 79. In the instant case, it is clear that the evidence of disability onset was ambiguous, inasmuch as none of plaintiff's treating physicians reported that Mrs. Nutter was disabled during the period in which she still enjoyed insured status. In attempting to infer a proper date of disability onset, the Administrative Law Judge relied on a record review performed by a medical professional, Dr. Alexander. In such circumstances, it is clear that the Law Judge's reliance on the medical advisor's testimony is appropriate, both as a matter of fact and law. Bailey v. Chater, supra.

In passing, the court agrees that the medical evidence developed prior to the date of termination of insured status is not suggestive of any overall disability. Mrs. Nutter underwent elbow surgery in January of 2002. However, her surgeon considered her to be capable of a full range of activity within a short period of time following the surgery. (TR 279). While plaintiff had developed knee and ankle pain during the earlier period, no doctor found these problems to be severe or totally incapacitating, until a time well after termination of insured status. Furthermore, there is no indication that plaintiff's emotional problems, consisting of primarily of depression, were so severe prior to the termination of insured status as to contribute to any overall disability. In short, the court finds the Commissioner's assessment of the medical record in Mrs. Nutter's case to be supported by substantial evidence.

On appeal to this court, Mrs. Nutter maintains that the Administrative Law Judge's opinion demonstrates bias in his assessment of the credibility of her testimony. In this context, plaintiff cites observations made by the Law Judge in terms of plaintiff's inconsistent earnings record (TR 590), her "symptom magnification" (595), and her inconsistent statements regarding weight gain (TR 595). Having reviewed the Law Judge's opinion, the court is unable to agree that these comments suggest

6

Case 5:08-cv-00112-GEC   Document 12   Filed 07/22/09   Page 6 of 9   Pageid#: 41

any bias or inappropriate consideration of plaintiff's testimony. The court believes that the consistency of earnings is an important consideration in any disability case. Furthermore, when taken in context, the Law Judge's comments concerning symptom magnification actually relate to his more general observation that the absence of any objective evidence of severe physical dysfunction prior to the termination of insured status is somewhat inconsistent with plaintiff's testimony given many months after her insured status expired. The simple fact of the matter is that the Administrative Law Judge clearly relied on the expert opinion provided by Dr. Alexander in establishing plaintiff's date of disability onset, as he was entitled to do under established Fourth Circuit principles. Dr. Alexander, in turn, relied on his professional assessment of the objective medical evidence and medical opinions. Dr. Alexander's opinion is consistent with the fact that none of the doctors during the period of time in question actually found Mrs. Nutter to be severely impaired. Stated differently, the Law Judge's assessment of the subjective factors in the instant case is not of any great consequence.

Based on Dr. Alexander's assessment, the Administrative Law Judge ruled that plaintiff retained sufficient functional capacity for a limited range of light exertion at all relevant times prior to January 1, 2003. Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, the vocational expert identified several specific sedentary work roles in which plaintiff could have been expected to perform during the period prior to the termination of her insured status. It appears to the court that the expert's evaluation of vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the medical record in this case. It follows that the Commissioner's denial of plaintiff's claim under the fifth step of the sequential disability analysis, as set forth under 20 C.F.R. § 404.1520, is

7

Case 5:08-cv-00112-GEC   Document 12   Filed 07/22/09   Page 7 of 9   Pageid#: 42

supported by substantial evidence. Accordingly, the Commissioner's final decision must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Nutter was free of all physical problems and subjective discomfort prior to January 1, 2003. Indeed, the medical record confirms that plaintiff had begun to develop several significant physical problems involving her left ankle, right knee, and right elbow prior to the termination of her insured status. It seems that she also experienced depression and a sleep disorder during the same period. However, it must again be noted that none of the doctors who treated Mrs. Nutter during this earlier period detected objective manifestations of any significant or disabling physical or emotional problems. It was not until much later that plaintiff's knee problems, in combination with her obesity, were determined to represent a disabling physical condition. The same medical advisor who found Mrs. Nutter to be suffering from a listed impairment also opined that her disability could not be said to have begun prior to January of 2003. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Based on the Law Judge's reliance on the medical expert's testimony in establishing the date of plaintiff's disability onset, the court concludes that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by

8

Case 5:08-cv-00112-GEC    Document 12    Filed 07/22/09    Page 8 of 9    Pageid#: 43

substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This __22ᵈ__ day of July, 2009.

                                                      /s/ Glen E. Conrad
                                                     United States District Judge